PER CURIAM:
This action was filed to recover the cost of repair ($2,810.10) to a rented vehicle, the damage to which occurred as the result of an accident on December 7, 1985. Claimant failed to name the respondent agency when the action was filed. The Court, upon its own motion, amended the style to include the Department of Highways as the proper party respondent.
The Reverend James Barnard, incoming pastor of the Anawalt Wesleyan Church, was moving to Anawalt, McDowell Count, from Cincinnati, Ohio, at the time of the accident. A truck was rented from Budget Rent-A-Truck, Budget Rent-A-Car. He assumes that the contract for this transaction was in the name of Kim E. Dewhurst, his brother-in-law. Mr. Dewhurst was the driver of the truck, but he was not present at the hearing.
Mr. Barnard, driving his own vehicle, and Mr. Dewhurst, driving the rental truck, were travelling in a northwest direction on Jenkin Jones Road, at approximately 11:30 p.m. It was dark. Mr. Barnard was proceeding ahead of the rental truck at a distance of approximately 150 feet. The highway is a blacktop road and is approximately a lane and a half in width. Mr. Barnard drove his vehicle under-a railroad underpass without any problems. However, the truck *20 was unable to clear the trestle, and damage occurred to the truck. Negligence is alleged on the part of respondent for its failure to place a warning sign as to the height of the underpass at this location.
Mr. Charles Raymond Lewis II, Planning and Research Engineer for respondent, testified that part of his duties is posting signs on the various State roads. He stated that it is not mandatory that clearance signs be posted on every road. He further stated that signs are posted on roads such as Jenkin Jones Road, which is McDowell County Route 8, when a specific complaint is received. He has no knowledge of any requests to post this particular underpass. He is unaware of any requirement that all underpasses under a particular height be mandatorily posted.
Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947) determined that the failure of the State Road Commissioner to provide guardrails, place road markers or danger signals, and paint center lines on paved highways does not provide a moral obligation on the State to compensate a person injured on such highway. For this reason, the Court is of the opinion to, and does, deny the claim.
Claim disallowed.